IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| JESSE ASHBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.:_____ |
| | ) |
| LOWE'S HOME CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, Jesse Ashby, for her complaint against Lowe's Home Center, LLC would show:

**PARTIES, JURISIDICTION AND VENUE**

1. Plaintiff, Jesse Ashby, is a citizen and resident of the State of Tennessee currently residing at 101 Country Drive, Cowan, TN 37318.

2. Defendant, Lowe's Home Centers, LLC is a North Carolina limited liability company with a principal address of 1000 Lowes Boulevard, Mooresville, NC 28117-8520. Defendant Lowe's may be served through its registered agent for service of process Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

3. Jurisdiction is proper pursuant to 28 U.S.C. §1331 as this claim is brought, in part, pursuant to the Americans with Disabilities Act located at 42 U.S.C. §12101 et. seq. This court also has jurisdiction pursuant to 28 U.S.C. §1332 as this action involves citizens of different States and the amount in controversy exceed $75,000. This Court has supplemental jurisdiction over the State law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District of Tennessee, Winchester Division, as this claim arises out of Plaintiff's former employment at the Lowe's Home Center located in McMinnville, Tennessee.

## ADMINISTRATIVE PREREQUISITES

5. Plaintiff filed EEOC Charge Number 494-2021-00441 alleging disability discrimination and retaliation on March 12, 2021. On November 8, 2021 the EEOC issued Plaintiff her Notice of Right to Sue.

## FACTUAL ALLEGATIONS

6. Defendant owns and operates the Lowe's Home Center located at 1339 Smithville Highway, Ste 10, McMinnville, TN 37110.

7. Plaintiff is a former employee at Lowe's McMinnville. Originally hired in April 2020, Plaintiff held the position of Head Cashier until her termination on October 15, 2020.

8. Due to exposure at work, Plaintiff became ill on August 7, 2020 and tested for COVID on August 12, 2020. Per Health Department guidelines, Plaintiff was instructed by her health care provider to quarantine until August 23, 2020, assuming she was asymptomatic.

9. Plaintiff immediately notified Lowe's of her illness and pending COVID lab test results, and emailed her direct supervisor, Assistant Store Manager Denise (Patricia D. Rhea) a copy of the note from her health care provider per her instructions.

10. On August 21, 2020, Plaintiff called Lowe's and spoke with another Assistant Store Manager, Tanya (last name unknown) to tell her how she was doing and inquired as to Lowe's requirements to come back to work. ASM Tanya instructed Plaintiff to call back on Monday, August 24, 2020, and speak with her Supervisor Jamie (last name unknown), ASM Denise, or Store Manager Bill McCoy because she was unsure of Plaintiff's employment status. ASM Tanya

also informed Plaintiff for the first time that she should have called HR or submitted on-line leave paperwork.

11. On August 24, 2020, Plaintiff was still running a fever after taking Tylenol. Plaintiff spoke with her doctor who instructed her to stay home in isolation. Plaintiff called Lowe's and spoke with her Supervisor, Jamie, who instructed her to call HR. As instructed, Plaintiff called HR and spoke with Jonathan (last name unknown). Jonathan reviewed Plaintiff's leave information and informed her that the there were no submitted documents for emergency leave, and that Plaintiff could not personally submit it. Rather, it needed to be submitted by her store's COVID contact person (which her store did not have), or one of her managers. Once submitted, Jonathan informed Plaintiff that Sedgwick, the short-term disability administrator, would contact her regarding back pay and future leave requirements. Jonathan then instructed Plaintiff to call her Supervisor (Jamie) first thing in the morning and explain that none of the required paperwork concerning her COVID emergency leave had been submitted by her store in the 2-3 weeks she had been out sick, and that it needed to be done as soon as possible. Finally, Jonathan instructed Plaintiff to send another copy of her doctor's note to Jamie in case ASM Denise had not received her earlier email.

12. Plaintiff had previously tried to follow-up with ASM Denise by emails, which she also forwarded to Bill, her Store Manager, without any response.

13. Ultimately, Plaintiff was placed on emergency medical leave due to her continued COVID symptoms until September 15, 2020, at which time she was to return on restricted duty per her doctor's orders.

14. On September 15, 2020, Plaintiff returned to work at Lowe's and took her doctor's written restrictions directly to her ASM Denise. It was evident to Plaintiff by Denise's reaction,

that she did not want Plaintiff to return work. Plaintiff's doctor's restrictions included her slowly working her way back to her regular level of physical exertion, starting with her first week back being part time office work and extended learning on the computer only. ASM Denise ignored the restrictions and told her that because Sedgwick had not informed her of restrictions that she considered her back full time at full capacity. ASM Denise placed Plaintiff back full-time outside to run the lawn and garden register in the heat alone with only one 30-minute lunch break in an 8-hour stretch.

15. On September 16th, 2020, Plaintiff attempted to speak to her Store Manager Billy McCoy about ASM Denise ignoring her restrictions. When she sat down in his office to discuss, McCoy told her that she shouldn't be surprised if she were demoted in the near future from head cashier to front end cashier due to some alleged vague complaints that she stood around too much. He did not address that Lowe's was ignoring her restrictions.

16. From September 18th through the 24th, 2020 Plaintiff continued to work without restrictions and, as a result, began relapsing, running a fever and suffering shortness of breath. Realizing she was not well, Store Manager Billy McCoy sent Plaintiff home on September 24, 2020 and back on temporary paid leave until she could get past the fever and shortness of breath.

17. After being sent home and being placed back on temporary paid leave Plaintiff checked in with the HR line and sent emails to her ASM and Store Manager assistant store manager keeping them updated and aware of her health status week to week.

18. On October 17th, 2020, Plaintiff called HR in relation to a bonus check she had not received. The HR service representative asked Plaintiff is she was aware of that her status had changed from approved paid leave to terminated by ASM Denise on October 15, 2020. Further inquiry by the HR representative revealed there was no reason given or witness listed, which the

HR representative found odd enough to initiate a ticket requesting more information to clarify the situation.

19. From October 17th through December 17th, 2020, Plaintiff called Lowe's HR number virtually every day to check the status of her employment situation. On three separate occasions she was informed that someone had gone in and closed out her active claim and listed it as resolved. From October 15, 2020, through December 17, 2020, Plaintiff was listed as terminated, was not paid, and lost her insurance coverage. Plaintiff lost her home because she was not able to pay the rent, and she was forced to move into her grandmother's attic apartment an hour away. Consequently her 15-year-old daughter had to transfer schools, away from her friends and theater group. Her daughter quickly fell into a deep depression and was hospitalized for 10 days following a suicide attempt.

20. Over that two-month time-period, due in part to the added stress, Plaintiff became significantly sicker and visited the emergency room on multiple occasions due to long term COVID symptoms.

21. On December 17, 2020, Travis Thurman, a Lowe's Associate Relations Advisor, contacted Plaintiff and informed her position has been reinstated, and that she was placed back on short term disability. However, she had gone without pay or benefits for two months which irreparably damaged Plaintiff and her daughter. At that time Plaintiff was continuing to suffer long term COVID symptoms, including fatigue and shortness of breath, and was unable to return to work.

22. On March 18th, 2021, Plaintiff filed a charge of discrimination with the EEOC alleging disability discrimination and retaliation (Charge Number 494-2021-00441).

23. On March 24th, 2021, Plaintiff received notification from Lowe's HR that she would no longer be receiving any paid leave, that any leave taken would be unpaid, and that she was to immediately pay $194 for her part of the health insurance premium if she didn't want to lose her benefits. Three days later Plaintiff receive notice from Lowe's that she had exhausted her leave covered benefits and was offered COBRA.

24. Plaintiff's short-term disability expired on April 24, 2021, effectively terminating her from Lowes.

25. After contacting Lowe's HR and Sedgwick daily about her health insurance benefits, on April 25, 2021, Plaintiff received a letter confirming her health insurance benefits had been reinstated, but that she now owed $209 monthly to keep her coverage.

**COUNT I – AMERICANS WITH DISABILITIES ACT (ADA) and TENNESSEE DISABILITY ACT (TDA)**

26. Paragraphs 1 through 25 are incorporated herein by reference as though fully set forth.

27. Defendant is an employer under the ADA and TDA. Plaintiff is an individual with a disability within the meaning of the Acts and/or is regarded as an individual with a disability by Defendant. Plaintiff was discriminated against by Defendant because of her disability and retaliated against her when she repeatedly questioned how she was being treated and ultimately filed a charge with the EEOC. Defendant wrongfully terminated her and deprived her of pay and benefits due to her disability.

28. Plaintiff has suffered damages as a result of Defendant's discrimination including, but not limited to lost wages and benefits, and compensatory damages for emotional distress, humiliation and embarrassment.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff prays judgment be entered against Defendant in an amount to be proved at trial, plus her attorneys' fees and costs as provided in the ADA and TDA. Finally, Plaintiff demands that a jury hear all triable issues.

Respectfully submitted,

*/s/ Mathew R. Zenner (018969)*
ZENNER LAW, PLLC
320 Seven Springs Way, Suite 250
Brentwood, TN 37027
(615)425-3476
mrzennerlaw@gmail.com

*Attorney for Plaintiff*